LAW LIBRARY

NO. 28411

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAN MOXLEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 05-1-244)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, J., and
Circuit Court Judge Pollack, in place of
Foley and Fujise, JJ., all recused)

Defendant-Appellant Jan Moxley (**Moxley**) appeals the Circuit Court of the Third Circuit's (**Circuit Court**) January 29, 2007 Judgment of Conviction and Probation Sentence, *nunc pro tunc* to January 23, 2007, convicting him of (1) Criminal Property Damage in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-820(1)(a) (Supp. 2003); (2) Criminal Property Damage in the Fourth Degree in violation of HRS § 708-823 (1993); (3) Assault in the Third Degree in violation of HRS § 707-712 (1993); and (4) Unauthorized Entry into Motor Vehicle in violation of HRS § 708-836.5 (Supp. 2003).[1]

Moxley raises two points of error on appeal. First, Moxley argues that the Circuit Court erred in failing to grant his motion for a mistrial and motion for reconsideration of his motion for mistrial. Moxley sought a mistrial based on the deputy prosecuting attorney's (**DPA's**) alleged serious misconduct during his opening statement, wherein the DPA said that Appellant "had an annoying habit of getting high on marijuana." The State concedes that this statement may have been improper, but argues that, under the circumstances of this case, it was harmless

---

[1] The Honorable Glenn S. Hara presided.

beyond a reasonable doubt. Moxley requests that this court vacate the judgment of conviction and remand the case for a new trial.

Moxley also argues that the Circuit Court erred in instructing the jury that it could convict of both Count 1 alleging Criminal Property Damage in the First Degree and Count 2 alleging Criminal Property Damage in the Second Degree (or any included offense therein) and in entering a Judgment of Conviction as to Count 1 and the included offense of Criminal Property Damage in the Fourth Degree as to Count 2 when both counts arise out of the same conduct. The State concedes that a merger instruction should have been given, and due to its absence, Count 2 should be vacated.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Moxley's points of error as follows:

(1)  Prosecutorial misconduct "refers to any improper action committed by a prosecutor, however harmless or unintentional." State v. Maluia, 107 Hawai'i 20, 25, 108 P.3d 974, 979 (2005). As the supreme court explained in Maluia:

> whenever a defendant alleges prosecutorial misconduct, this court must decide: (1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution. In the course of making these three determinations, the seriousness of the misconduct becomes evident, and we need not attach a separate label for our disposition to be clear.

Id. at 26, 108 P.3d at 980.

In his opening statement, the DPA stated that Moxley "had an annoying habit of getting high on marijuana and then constantly distracting the crew by asking questions about why things were being done the way they were being done." In response to Moxley's request for a mistrial, the DPA explained that it "honestly didn't occur to [him] that [Moxley's] smoking

2

marijuana was a prior bad act," admitted to the Circuit Court that Defendant's marijuana use "should have been the subject of a 404(b) motion," and that he "made a mistake."[2/] The DPA's proffered basis for his belief that Moxley's habit of using marijuana was relevant to the case was convoluted and unpersuasive. The DPA's statement regarding Moxley's marijuana use was improper and constituted prosecutorial misconduct.

"In order to determine whether the alleged prosecutorial misconduct reached the level of reversible error, we consider the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant." State v. Agrabante, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992). In this case, the DPA's allegation of habitual marijuana use cast a negative light on Moxley's character, compliance with the law, and credibility. The Circuit Court's curative instruction did not clearly instruct the jury to disregard the DPA's statement regarding Moxley's habitual marijuana use and allowed the inappropriate comment to be considered by the jury to the extent that it was proved:

> Okay, ladies and gentlemen of the jury, we have heard the opening statements of both counsel. I do remind you that the statements of counsel in opening statements are not evidence, and you are not allowed to use their statements in terms of reaching any verdict in your case. You should, however, consider their opening statements because, again, to the extent they are correct in what they expect to produce and prove, they may help you understand the evidence.

---

[2/] Hawai'i Rules of Evidence Rule 404(b) provides:

> **Rule 404. Character evidence not admissible to prove conduct; exceptions; other crimes.**
> . . . .
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith . . . . In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

Finally, while the prosecution presented substantial evidence to support Moxley's conviction, the testimony of Moxley and the percipient witness conflicted with that of the complainant. The relative credibility of the witnesses was central to the jury's determination, a factor acknowledged by the trial court and counsel. Accordingly, we cannot conclude that the DPA's improper comment was harmless beyond a reasonable doubt. Moxley does not argue, nor do we conclude, that the prosecution's conduct was so egregious in this case as to bar reprosecution.

(2) As argued by Moxley, and conceded by the State, a merger instruction should have been given in this case. See HRS § 701-109(1)(e); see also, e.g., State v. Matias, 102 Hawaii 300, 305, 75 P.3d 1191, 1196 (2003) and State v. Padilla, 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007).

For the foregoing reasons, the Circuit Court's January 29, 2007 Judgment of Conviction and Probation Sentence is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, May 11, 2010.

Earle A. Partington,
on the brief, for
Defendant-Appellant

Jefferson Malate
Deputy Prosecuting Attorney,
(Jay T. Kimura, Prosecuting
Attorney and Jack N. Matsukawa,
Deputy Prosecuting Attorney,
on the brief) for
Plaintiff-Appellee